No. 02-4422

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
AUG 1 8 2004
LEONARD GREEN, Clerk

KATHY R. BAKER, )
)
Plaintiff-Appellant, )
)
v. ) O R D E R
)
STATE OF OHIO; MAUREEN O'CONNOR, )
Director, Department of Public Safety, )
)
Defendants-Appellees. )
)

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.
This notice is to be prominently displayed if this decision is reproduced.

Before: NELSON, SILER, and BATCHELDER, Circuit Judges.

Kathy Baker, an Ohio resident proceeding pro se, appeals a district court judgment, after a jury's verdict, dismissing her employment discrimination action filed under Title VII, 42 U.S.C. §§ 2000e, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Baker, an African-American female who previously worked as a food stamp enforcement agent for the State of Ohio ("State") in the Ohio Department of Public Safety ("ODPS"), seeks relief from two defendants: the State and ODPS. Baker claims the defendants discriminated against her on the basis of her race and gender when they disciplined her and initiated a criminal prosecution against her for losing a work-issued shotgun. Baker also claims that the defendants retaliated against her thereafter. She seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and similar provisions of Ohio law, Ohio Rev. Code Ann. §§ 4112.02, and 4112.99. Baker

claims, further, that the defendants' conduct constitutes the intentional infliction of emotional distress, a tort under Ohio law.

The parties consented to have a magistrate judge exercise jurisdiction over the action in accordance with the provisions of 28 U.S.C. § 636(c). Thereafter, the defendants filed a motion for summary judgment arguing that: (1) the State has sovereign immunity from Baker's Title VII claims; (2) Baker seeks Title VII relief for claims not raised in her EEOC charge; (3) Baker's suit was filed outside of the Title VII limitations period; and (4) Baker can demonstrate neither a prima facie case of discrimination nor pretext. The magistrate judge denied the motion for summary judgment with respect to Baker's racial discrimination and gender discrimination claims brought under Title VII and Ohio Rev. Code Ann. §§ 4112.02 and 4112.99. The motion for summary judgment was granted with respect to the Title VII and Ohio Revised Code claims of retaliation and, if pleaded, a hostile work environment claim. No finding was made with respect to Baker's state-law intentional infliction of emotional distress claim, as that claim was not challenged in the defendants' motion for summary judgment.

The case proceeded to trial on the race and gender discrimination claims, with a jury verdict returned in favor of the defendants. This appeal followed.

Baker's informal brief can best be characterized as asserting that the jury's verdict is against the weight of the evidence. Baker also appears to challenge evidentiary rulings and jury instructions. Lastly, Baker argues that the district court erred when it granted ODPS's motion in limine to bar Baker from introducing evidence relating to a "hostile work environment," one or more violations of her *Miranda v. Arizona*, 384 U.S. 436 (1966) or *Garrity v. New Jersey*, 385 U.S. 493 (1967) rights, or the leave supposedly due her under the Federal Medical Leave Act (FMLA).

The record does not reflect that Baker filed either a motion for a new trial or a motion for a judgment as a matter of law. Thus, Baker has not preserved the weight-of-the-evidence issue for appeal.

At various points in her appellate brief, Baker challenges evidentiary rulings by the district court. The admission or exclusion of evidence is reviewed for an abuse of discretion. See *Argentine v. United Steelworkers of Am.*, AFL-CIO, 287 F.3d 476, 486 (6th Cir. 2002). Although Baker

contends that the district court's evidentiary rulings were erroneous, she provides no basis on which we could accept her contentions. The argument is meritless.

Review of the record shows that Baker failed to object to the jury instructions at trial. Therefore, she has forfeited her right to raise the alleged errors on appeal, and this court will review the jury instructions only for plain error. See *Reynolds v. Green*, 184 F.3d 589, 594 (6th Cir. 1999). Baker has not shown that any plain error occurred.

Lastly, Baker argues that the district court erred when it granted ODPS's motion in limine to bar Baker from introducing evidence relating to a "hostile work environment," one or more violations of her *Miranda* or *Garrity* rights, or the leave supposedly due her under the FMLA. "Abuse of discretion" is the proper standard of review for challenged evidentiary rulings. See *United States v. Taplin*, 954 F.2d 1256, 1258 (6th Cir. 1992); *United States v. Middleton*, 246 F.3d 825, 839 (6th Cir. 2001). Abuse of discretion will be found when the district court applies the law improperly or uses an erroneous legal standard. See *Taplin* at 1258. No abuse of discretion occurred here. First, as the district court made clear in its summary judgment ruling, a "hostile work environment" is not at issue in this case. Second, Baker failed to demonstrate that either *Miranda* or *Garrity* is relevant to prove her Title VII claims. Finally, as Baker concedes, the FMLA is not addressed in her complaint, so that claim was properly excluded.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

_____
Clerk